1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10
                                   ----oo0oo----
11
TRAVELERS CASUALTY AND SURETY
12 COMPANY OF AMERICA, a
Connecticut corporation,
13
              Plaintiff,              NO. CIV. 09-174 WBS GGH
14
         v.                           ORDER TO SHOW CAUSE
15
BENNETT DEVELOPMENT, INC., a
16 California corporation; DENNIS
G. BENNETT, an individual and as
17 Trustee of THE BENNET FAMILY
TRUST; CATHRYN C. BENNETT, an
18 individual; FAHRENS CREEK ONE,
LLC, a California limited
19 liability company; FAHRENS CREEK
TWO, LLC, a California limited
20 liability company; and TULARE
WINDMILL VENTURE, LLC, a
21 California limited liability
company,
22
              Defendants.
23 _____/

24                                 ----oo0oo----

25         The court has an obligation to recuse itself from any

26 case in which the judge might have a "financial interest,"

27 however small.  28 U.S.C. § 455(b)(4).  To assist the court in

28 carrying out this obligation, and because corporate parties are

                                       1

1   in the best position to identify their parent and subsidiary

2   corporations, Federal Rule of Civil Procedure 7.1 and this court

3   require all non-governmental corporate entities to submit

4   corporate disclosure statements.  Without this information, the

5   court risks retaining a case in which it unknowingly has a

6   financial interest.  Not only would the undersigned judge face

7   public criticism in such a circumstance, but the public's

8   confidence in an impartial judiciary would be eroded.  Failure to

9   assist the court in protecting these and other interests advanced

10  by § 455(b)(4)--particularly in light of a direct request from

11  the court--amounts to sanctionable conduct.  See Fed. R. Civ. P.

12  16(f); Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1060 (9th

13  Cir. 2005) (explaining that "[p]arties must understand that they

14  will pay a price for failure to comply strictly with scheduling

15  and other orders, and that failure to do so may properly support

16  severe sanctions"); see also F.J. Hanshaw Enters., Inc. v.

17  Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001)

18  (providing that federal courts' inherent powers "to manage their

19  cases and courtrooms effectively and to ensure obedience to their

20  orders" includes the authority to impose sanctions).

21          In its Order Setting Status (Pretrial Scheduling)

22  Conference issued in this case on January 21, 2009, the court

23  unequivocally instructed any non-governmental corporate party to

24  include its corporate disclosures in the parties' Joint Status

25  Report:

26          In order to assist the court in meeting its recusal
            responsibilities, any non-governmental corporate party to
27          this action shall submit a statement identifying all its
            parent and subsidiary corporations and listing any
28          publicly held company that owns 10% or more [of] the

                                  2

1   party's stock.  Such statement shall be included in the
2   parties' Joint Status Report.  If any non-governmental
    corporate party has no parent or subsidiary corporations
3   or no public[ly] held companies owning 10% or more of its
    stock, it shall so state in the Joint Stat[u]s Report.
4   **Failure to comply with the foregoing requirements of this**
    **paragraph will result in the Joint Status Report being**
5   **stricken and such other sanctions as may be appropriate.**
    Thereafter, if there is any change in the information,
6   the party shall file and serve a supplemental statement
    within a reasonable time after such change occurs.

7   (Jan. 21, 2009 Order ¶ 6.)

8           Bennett Development Inc., a California corporation,

9   appears as a defendant in this litigation but has not included a

10  corporate disclosure statement, as required by this court's

11  order, in the Joint Status Report filed in preparation for the

12  Status (Pretrial Scheduling) Conference initially scheduled for

13  August 24, 2009.  (Docket No. 19.)

14          IT IS THEREFORE ORDERED that, within ten days of the

15  date of this Order, defendant Bennett Development Inc. shall

16  either send to the Clerk of this Court a check in the amount of

17  $150 as sanctions for violation of this court's Order of January

18  21, 2009, or shall file a brief to show cause why it should not

19  be sanctioned in such amount for failure to comply with such

20  Order;

21          IT IS FURTHER ORDERED that within ten days of the date

22  of this Order, defendant Bennett Development Inc. shall file its

23  corporate disclosure statement as previously ordered by this

24  court; and

25          IT IS FURTHER ORDERED that the Status (Pretrial

26  ///

27  ///

28  ///

3

1  Scheduling) Conference scheduled for August 24, 2009, is

2  continued to September 21, 2009 at 2:00 p.m.

3  DATED:   August 19, 2009

4

5  _____

6  WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4